IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANGELA D. FUERST, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 3:17-cv-184 |
| | : | JUDGE WALTER H. RICE |
| DEP'T OF THE AIR FORCE, | : | |
| Defendant. | : | |

DECISION AND ENTRY SUSTAINING DEFENDANT DEPARTMENT OF THE AIR FORCE'S MOTION TO DISMISS FOR LACK OF JURISDICTION (DOC. #4); PLAINTIFF'S NOTICE OF APPEAL (DOC. #1) IS DISMISSED WITHOUT PREJUDICE, SUBJECT TO REFILING IN A COURT OF COMPETENT JURISDICTION; TERMINATION ENTRY

---

Plaintiff, Dr. Angela D. Fuerst ("Plaintiff"), a former employee of Defendant, Department of the Air Force ("Defendant"), appeals from a February 22, 2017, Initial Decision of the Merit Systems Protection Board ("MSPB" or "Board") upholding Defendant's November 28, 2014, decision to remove her from her position with the Air Force Institute of Technology. *Fuerst. v. Dep't of the Air Force*, Nos. CH-0752-15-0187-I-1, CH-0353-15-0193-I-1, 2017 WL 747767 (Merit Sys. Prot. Bd. Feb. 22, 2017). In the decision, the MSPB's Administrative Law Judge ("ALJ"), Katherine Beaumont, informed Plaintiff that the Initial Decision would become a Final Decision if Plaintiff did not file a Petition for Review before the full MSPB on or before March 29, 2017. *Id*. ALJ Beaumont also informed Plaintiff of her right to seek review of the Initial Decision "on

both your discrimination claims and your other claims in an appropriate United States district court. You . . . must file your civil action with the district court no later than [thirty] calendar days after the date this decision becomes final. If you choose to file, be very careful to file on time." *Id.* (emphasis added) (citing 5 U.S.C. § 7703(b)(2)). Finally, ALJ Beaumont informed Plaintiff that she could seek review of her other claims "by the United States Court of Appeals for the Federal Circuit or by any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within [sixty] days after the date on which this decision becomes final." *Id.* (citing 5 U.S.C. § 7703(b)(1)(B)).

Plaintiff did not seek review of her petition before the full Board; consequently, the Initial Decision became the Final Decision of the MSPB on March 29, 2017. Plaintiff filed a Notice of Appeal in this Court on May 24, 2017. Doc. #1. The Notice of Appeal stated that Plaintiff "appeal[s] to the United States Court of Appeals for the Sixth Circuit from Final Decision of the Merit Systems Protection Board[,]" *id.*, PAGEID #1, but did not specify the ruling or rulings from the Final Decision that were being appealed. Defendant was not served with the Notice of Appeal, through United States Attorney General Jefferson B. Sessions, III, and Benjamin Glassman, United States Attorney for the Southern District of Ohio, until November 6, 2017, and Plaintiff never filed an original Complaint with this Court. Doc. #3; Doc. #4, PAGEID #7. On December 14, 2017, Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction. Doc. #4, PAGEID #5 (citing Fed. R. Civ. P. 12(b)(1)). For the reasons set forth below, Defendant's Motion is SUSTAINED.

2

## I. LEGAL STANDARDS

### A. Rule 12(b)(1)

"The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (citing Fed. R. Civ. P. 12(b)(1). "[T]he party invoking federal jurisdiction has the burden to prove that [subject matter] jurisdiction [exists]." *Global Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015). If the Court determines that it lacks jurisdiction over certain claims, then it must dismiss those claims. *See Ammex, Inc. v. Cox*, 351 F.3d 697, 702 (6th Cir. 2003) (quoting *Riggs v. Island Creek Coal Co.*, 542 F.2d 339, 343 (6th Cir. 1976)) ("parties cannot waive the requirement of subject matter jurisdiction.").

### B. Civil Service Reform Act, Whistleblower Protection Enhancement Act, and All Circuit Review Extension Act

The Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 1101 *et seq.*, enacted "a comprehensive, preemptive system for the review of personnel actions affecting federal employees and to limit judicial review not otherwise provided in the statute." *Alder v. Tenn. Valley Authority*, No. 00-6503, 43 F. App'x 952, 955 (6th Cir. 2002) (citing *U.S. v. Fausto*, 484 U.S. 439, 443, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988)). The CSRA created the MSPB, and invested in it authority to hear certain grievances brought by federal employees. While an employee who has received an unfavorable decision from an ALJ may seek review of that decision before the full MSPB, "[a]ny employee or applicant for employment adversely affected or aggrieved by a final order or decision of

3

the Merit Systems Protection Board may obtain judicial review of the order or decision." 5 U.S.C. § 7703(a)(1).

Normally, a final MSPB decision must be appealed to the U.S. Court of Appeals for the Federal Circuit within sixty days of the decision becoming final. 5 U.S.C. § 7703(b)(1)(A). However, there are two exceptions. First, any appeal involving alleged discrimination or retaliation in violation of federal employment statutes is known as a "mixed case," and must be appealed to a United States District Court within thirty days of the decision becoming final. *Kloeckner v. Solis*, 568 U.S. 41, 44, 46, 133 S.Ct. 596, 184 L.Ed.2d 533 (citing 5 U.S.C. § 7703(b)(2)). Second, the Whistleblower Protection Enhancement Act of 2012 ("WPEA"), Pub. L. 112-199, 126 Stat. 1465, and the All Circuit Review Extension Act of 2014 ("ACREA"), Pub. L. 113-170, 128 Stat. 1894, permitted a federal employee, between December 27, 2012, and December 27, 2017, to file an appeal "that raises no challenge to the Board's disposition of a prohibited personnel practice[,]" 5 U.S.C. § 7703(b)(1)(B)—*i.e.*, a pure whistleblower claim—"in the United States Court of Appeals for the Federal Circuit or <u>any court of appeals of competent jurisdiction</u>. Notwithstanding any other provision of law, any petition for review shall be filed within [sixty] days after the Board issues notice of the final order or decision of the Board." *Id*. (emphasis added).

Regardless of the nature of a claim, the statutory sub-section under which the claim is brought, or the federal court in which a claim is filed, the seeking of judicial review of a final MSPB decision to an Article III Court is considered "the taking of an appeal." *Fedora v. Merit Sys. Prot. Bd.*, 848 F.3d 1013, 1015 (quoting *Bowles v. Russell*, 551 U.S. 205, 209, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007)). Thus, the

4

deadlines set forth in 5 U.S.C. § 7703(b) for filing a claim are "mandatory and jurisdictional," and are not subject to equitable exceptions. *Id.*; *see also Johnson v. United States Postal Serv.*, 64 F.3d 233, 238 (6th Cir. 1995) (citing *Glarner v. United States Dep't of Veterans Affairs*, 30 F.3d 697, 701 (6th Cir. 1994)) ("the doctrine of equitable tolling does not apply to Section 7703(b)(2).").

II. **ANALYSIS**

   A. **Court Lacks Jurisdiction over Plaintiff's Appeal**

      1. **Plaintiff's Appeal is Untimely**

In her memorandum in opposition, Plaintiff concedes that her appeal is a mixed case. Doc. #5, PAGEID #17-18; *see also* 2017 WL 747767 (Plaintiff claimed disability discrimination and retaliation by Defendant). Thus, she was required to appeal the ALJ's decision to this Court within thirty days of March 29, 2017, the date on which that decision became a final decision of the MSPB. 5 U.S.C. § 7703(b)(2); 2017 WL 747767. It is undisputed that Plaintiff took no action until he filed the Notice of Appeal on May 24, 2017. Doc. #1. Accordingly, her appeal, on its face, appears to be time-barred.

Plaintiff argues that, because she filed her Notice of Appeal within sixty days of the final decision, and prior to the expiration of WPEA and ACREA, her appeal was timely and proper. Doc. #5, PAGEID #16-17 (citing 5 U.S.C. § 7703(b)(1)(B)). Plaintiff's argument is flawed in two respects. First, this Court is not a court of appeal, and Plaintiff cites to no case in which a District Court has been considered a "court of appeal[] of competent jurisdiction[,]" 5 U.S.C. § 7703(b)(1)(B)—indeed, the statute's plain language weighs against such a reading. Second, the sub-section relied upon by Plaintiff pertains only to pure whistleblower claims. *Id.* Plaintiff does not argue that her

5

appeal involves such claims; nor, from the Court's reading of the MSPB decision, could she reasonably do so. Accordingly, Plaintiff's petition for review in this Court was subject to thirty-day statute of limitations set forth in sub-section 7703(b)(2), and thus, was untimely.[1]

### 2. No Equitable Argument can Circumvent Jurisdictional Bar

Plaintiff argues that her defects in filing constitute "excusable neglect[,] since the Defendant had timely notice that an appeal was being filed[,] and would not be unduly harmed if any procedural errors were corrected at this juncture." Doc. #5, PAGEID #19. Yet, as discussed above, the time limits for seeking judicial review of an MSPB decision are jurisdictional thresholds. *Fedora*, 848 F.3d at 1015; *Johnson*, 64 F.3d at 238. Thus, the Court may not excuse her untimely filing by reason of excusable neglect or any equitable doctrine, and her Notice of Appeal must be dismissed.

### B. Plaintiff has not Alleged a Viable Due Process Claim

Plaintiff argues, for the first time in her memorandum in opposition, that "a closure of her legal options before this [C]ourt, or any other for that matter, might comprise a violation of her due process rights as to federal action under the Fifth Amendment[.]" Doc. #5, PAGEID #20. Plaintiff's argument fails for two reasons. First, her Notice of Appeal makes no mention of a Fifth Amendment due process claim, and thus falls short of Rule 8(a)(2)'s requirement that the Defendant be provided with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp.*

---

[1] In so ruling, the Court need not address Defendant's argument that the captioned cause should be dismissed because: (a) the Notice of Appeal did not properly commence the case; and (b) Defendant was not served in a timely manner. Doc. #4, PAGEID #10-11.

v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Second, even assuming that her removal from her position was a protected liberty or property interest, she was provided with notice and a meaningful opportunity to be heard in her hearing before the ALJ. Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Beyond notice and opportunity, "due process is flexible and calls for such procedural protections as the particular situation demands[,]" id. at 334, and Plaintiff does not identify which part of the process by which she was deprived of her protected interest was insufficient. Therefore, her Due Process argument is unavailing

**V.     CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss, Doc. #4, is SUSTAINED. Plaintiff's Notice of Appeal, Doc. #1, DISMISSED WIHTOUT PREJUDICE, subject to refiling in a court of competent jurisdiction.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: April 2, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE